# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | | |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** | ) ) | **Civil Action No.** |
| 10 S. Howard Street, 3rd Floor | ) | |
| Baltimore, MD 21201, | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Capstone Logistics, LLC,** | ) | |
| 8000 Dorsey Run Road | ) | |
| Jessup, MD 20794, | ) | |
| | ) | |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to George Harris ("Harris"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Capstone Logistics, LLC ("Defendant" or "Capstone") unlawfully discriminated against Harris by denying him hire because of his disability (deaf) and subjecting him to an unlawful qualification standard, in violation of the ADA.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Harris filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Capstone.

8. On or around June 14, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around July 11, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. At all relevant times, Harris was an individual with an actual disability as defined by the ADA and was qualified to perform the essential functions of the job.

14. Harris, who is deaf, applied for a warehouse position with Defendant on or around November 19, 2015.

15. In May 2016, Dave Peacock, the Site Manager at Defendant's warehouse in Jessup, Maryland, emailed Harris to schedule an interview.

16. On or around May 6, 2016, Harris arrived for his interview.

17. Shortly after Harris arrived, Peacock cancelled the interview and told Harris they would reschedule so Human Resources and an interpreter could be present.

18. Peacock said he would email or text Harris to reschedule the interview.

19. Harris waited to hear from Peacock and after a few days, he called him through video relay. The first time Harris called, Peacock did not answer and the second time Harris called, Peacock said Defendant's Human Resources department was working to contact an interpreter and that it would take another week or two to schedule an interview.

20. On May 19, 2016, Peacock sent a text message to Charging Party, stating

> Good Morning George! After talking to a few of my peers and superiors here **we have determined that there is no job that we can offer that would be safe for you. There is just too much equipment traffic in our work areas and being able to hear a horn or equipment in operation is paramount for safety**. I would not want to put you in a dangerous position. Sorry we could not work something out, and thank you for your time. Good luck! (emphasis added).

21. At no time did Defendant discuss with Harris his ability to perform any of the essential functions of a warehouse position, with or without reasonable accommodation.

22. Defendant's job description lists "hearing capabilities" as a physical requirement of the job.

23. Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) in or around May 2016 when it denied hire to Harris because of his disability.

24. Defendant further engaged in unlawful employment practices beginning in or around May 2016 in violation of Section 102(b)(6) of Title I of the ADA, 42 U.S.C. §12112(b)(6) by using an unlawful qualification standard – the physical requirement to hear.

25. The effect of the practices complained of above has been to deprive Harris, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

26. The effect of the practices complained of above has been to deprive Harris, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Harris.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C. Order Defendant to make whole Harris by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D. Order Defendant to make whole Harris by providing compensation for past and

future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make whole Harris by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Harris punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.


Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE    /ATF
Regional Attorney

_____
MARIA SALACUSE    /ATF
Supervisory Trial Attorney

_____
AMBER TRZINSKI FOX
Trial Attorney
U.S. Equal Employment Opportunity Commission
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201
Phone: (410) 209-2763
amber.fox@eeoc.gov

7