FILED
U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-cv-01980-ELH |
| CAPSTONE LOGISTICS, LLC, | ) |
| Defendant. | ) |

## CONSENT DECREE

This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Capstone Logistics, LLC ("Defendant" or "Capstone"), alleging that Defendant violated Sections 102(a) and (b)(6) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, 42 U.S.C. § 12112(a) and (b), and Title I of the Civil Rights Act of 1991, by failing to hire Charging Party George Harris because of his disability (deafness) and maintaining an unlawful qualification standard which screens out or tends to screen out individuals with disabilities. The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanate from the Charge of Discrimination filed by George Harris. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. Except as otherwise specified in this Decree, the terms of this Decree apply to all of Defendant's facilities nationwide.

4. This Decree, being entered with the consent of the parties, shall not constitute an adjudication or finding on the merits of the case. Capstone denies any wrongdoing or unlawful acts, and entry into this Decree shall not be deemed an admission of wrongdoing or the commission of any wrongful acts by Capstone.

## Monetary Relief

5. Within ten business days of entry of this Decree, Defendant shall pay George Harris monetary relief in the total amount of $50,000 representing $14,330.73 in back pay with interest, and $35,669.27 in non-pecuniary compensatory and punitive damages. Defendant will issue Harris an IRS Form 1099 for the 2018 tax year for the non-pecuniary and pecuniary damages amount and an IRS W-2 form for the 2018 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount. The checks and IRS form will be sent directly to Harris, and a photocopy of the checks and related

correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201 (Attention: Supervisory Trial Attorney Maria Salacuse).

### Injunctive Relief

6. Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest hereby are enjoined from denying hire to qualified individuals with disabilities and/or utilizing an unlawful qualification standard which screens out or tends to screen out individuals without hearing capabilities. Such discrimination violates the ADA, which, in part, is set forth below:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . hiring . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term discriminate against a qualified individual on the basis of disability includes . . . using . . . qualification standards . . . that screen out or tend to screen out an individual with a disability. . . . [unless it is] . . . job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation. [T]he term "qualification standard[]" may include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace.

42 U.S.C. §§ 12112(b)(6), 12113(a)-(b).

### Policies & Procedures

7. Within thirty (30) days of entry of this Decree, Defendant shall revise and maintain its Equal Employment Opportunity policy addressing disability discrimination under the ADA ("Policy") to, at a minimum, (1) affirm that Defendant does not utilize qualification standards that screen out or tend to screen out individuals without hearing capabilities; (2) affirm Defendant's duty to perform a direct threat analysis before taking any adverse action against any applicant or employee on that basis; (3) include procedures for conducting a direct threat analysis (e.g. individualized assessments based on reasonable

3

medical judgment); and (4) inform applicants who are disabled that they may be entitled to a reasonable accommodation of their disability. Defendant will also revise related employee policies to reflect the Policy set forth above. The Policy is subject to approval by the EEOC. Within forty-five (45) days of the entry of this Decree, Defendant shall certify to the EEOC that it has revised its Policy and related employee policies consistent with this Decree.

8. Within forty-five (45) days of the entry of this Decree, Defendant shall distribute the Policy in hard copy or online form to each current employee. In addition, Defendant will distribute the Policy in hard copy or online form to any new employees within seven (7) days of hire. As soon as the Policy is distributed, Defendant must also immediately post the new Policy in all of its facilities in a manner easily visible to all employees and immediately forward a copy of any amended policy to the EEOC.

9. Within thirty (30) days of entry of this Decree, Defendant shall also revise and maintain all of its job postings, job descriptions, job advertisements, and any other document setting forth job qualifications ("Job Qualification Documents") to remove the physical requirement of hearing capabilities, or any type of requirement whatsoever to have the ability to hear, in accordance with the ADA (the "Revised Job Qualification Documents").

10. Within forty (40) days of the entry of this Decree, Defendant shall inform all supervisors and managerial employees, all human resources personnel, and any other individuals involved in the hiring process of the Revised Job Qualification Documents, stating affirmatively that the physical requirement of hearing capabilities, or any type of requirement whatsoever to have the ability to hear, have been removed. Additionally, Defendant shall distribute the Revised Job Qualification Documents in hard copy or online form to all supervisors and managerial employees, all human resources personnel, and any other

4

individuals involved in the hiring process. Defendant shall also remove any online Job Qualification Documents from job boards, job postings and job listings under Capstone's control, and replace them with the Revised Job Qualification Documents where appropriate.

11. Within ten (10) days of entry of this Decree, Defendant shall conspicuously post on its own job search website (www.capstone.jobs/search) the following statement: "Capstone Logistics, LLC does not unlawfully discriminate in hiring. If you are interested in applying for a position and need a reasonable accommodation during the application process, please contact [INSERT HR CONTACT INFORMATION HERE] so that we can work with you to reasonably accommodate you. Note that individuals who have any hearing impairment will be reasonably accommodated in the application process."

### Training

12. Within five (5) months from the entry of this Decree, Defendant shall provide at least three hours of live training on the Policy, the Revised Job Qualification Documents, and the ADA, including the requirements of the ADA's prohibitions against discrimination in hiring on the basis of disability, for all of Capstone's supervisors and managerial employees at the Jessup, Maryland facility, all human resources personnel, and any other individuals involved in the hiring process at the Jessup, Maryland facility. The training will also specifically address working and communicating with individuals who are deaf, including a component addressing deaf culture and the deaf community. The training shall be conducted by an attorney from Fisher & Phillips LLP who has experience with laws prohibiting employment discrimination and with the deaf community.

13. For at least five years following the entry of this Decree, Defendant shall provide an annual training consisting of one hour of live training or training in DVD/Video format with a quiz for all Capstone supervisors and managerial employees in the Jessup,

Maryland facility and all human resources personnel, and any other individuals involved in the hiring process in the Jessup, Maryland facility.

14. Within ten (10) business days of completing its three-hour live training as discussed in Paragraph 12 above, Defendant will provide the EEOC with written documentation that the training occurred, including the date the training was completed, and a signed attendance list identifying the name and job title for all attendees. In years two through three of the Decree, Defendant will provide the written documentation that the training occurred, including the signed attendance list, with its next due semi-annual report.

15. During orientation, all new employees shall be informed of Defendant's policies regarding the ADA.

## Notice and Postings

16. Within ten (10) business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees are customarily posted.

17. Within fifteen (15) business days of entry of this Decree, Defendant also will post in all places where notices are customarily posted for employees in the Jessup, Maryland facility, the Notice attached hereto as Attachment A ("Notice"). The Notice shall be posted and maintained for the duration of the Decree and shall be signed by Defendant's owner or corporate representative with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. Within its semi-annual report, Defendant shall provide to the EEOC a copy of the signed Notice, written

confirmation that the Notice has been posted, and a description of the location and date of the posting.

### Monitoring Provisions

18. The EEOC has the right to monitor and review compliance with this Decree

19. On a semi-annual basis for the duration of this Decree, and one month before the expiration of this Decree, Defendant must submit written proof via affidavit to the EEOC that it has complied with each of the requirements set forth above. Such proof must include, but need not be limited to, an affidavit by a person with knowledge establishing: (a) the completion of training; (b) that the revised Policy has been distributed and remains posted in accordance with this Consent Decree; (c) that the Revised Job Qualification Documents are currently in use by Defendant and that the Job Qualification Documents have been removed where possible; (d) that it has complied with the injunctive relief requested in this Decree; and (e) notifying the Commission of all complaints at the Jessup, Maryland facility alleging disability discrimination on the basis of hearing capabilities, as set forth below in Paragraph 20.

20. Defendant will submit to the Commission a list of all of applicants and employees at the Jessup, Maryland facility who have complained of or reported any alleged disability discrimination on the basis of hearing capabilities during the duration of this Decree. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no complaints of alleged disability discrimination were made, Defendant will confirm in writing to the EEOC that no such complaints were made.

21. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's records and Defendant's Jessup, Maryland facility. Upon thirty (30) days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC, and the Jessup, Maryland facility sought to be inspected by the EEOC.

### Miscellaneous Provisions

22. All materials required by this Decree to be sent to the EEOC shall be addressed to: Maria Salacuse, Supervisory Trial Attorney, Equal Employment Opportunity Commission, Baltimore Field Office. The materials shall be sent by electronic mail to maria.salacuse@eeoc.gov.

23. The Commission and Defendant shall bear their own costs and attorneys' fees.

24. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

25. *The Clerk is directed to close this case.* ELH

Respectfully Submitted,                              Respectfully Submitted,

FOR PLAINTIFF:                                       FOR DEFENDANT:

/s/ Debra M. Lawrence                                /s/ C.R. Wright
Debra M. Lawrence                                    C.R. Wright
Regional Attorney                                    (signed with permission by Amber Trzinski Fox)
                                                     Fisher & Phillips LLP
/s/ Maria Salacuse                                   1075 Peachtree Street, NE, Suite 3500
Maria Salacuse                                       Atlanta, Georgia 30309
Supervisory Trial Attorney (Bar No. 15662)           Phone: 404-240-4263
                                                     Email: cwright@fisherphillips.com
/s/ Amber Trzinski Fox
Amber Trzinski Fox
Trial Attorney                                       /s/ Christina Michael
U.S. EQUAL EMPLOYMENT                                Christina Michael
OPPORTUNITY COMMISSION                               (signed with permission by Amber Trzinski Fox)
Baltimore Field Office

8

| | |
|---|---|
| George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201<br>Phone: (410) 209-2763<br>Email: amber.fox@eeoc.gov | Fisher & Phillips LLP<br>150 N. Radnor Chester Road, Suite C300<br>Radnor, PA 19087<br>Phone: (610) 230-2158<br>Email: cmichael@fisherphillips.com |
| *Counsel for Plaintiff Equal Employment Opportunity Commission* | *Counsel for Defendant Capstone Logistics LLC* |

**SO ORDERED.**

Signed and entered this 28th day of March, 2018.

_____
The Honorable Ellen L. Hollander
United States District Court Judge